IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jerry R. Evans, | ) | No.: 2:11-cv-2526-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Banks Construction Company, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the report and recommendation ("R&R") of United States Magistrate Judge Bruce Howe Hendricks recommending that the defendant's motion for partial summary judgment be granted in part and denied in part.[1] For the reasons set forth in this Order, the Court adopts the R&R, and grants in part and denies in part the defendant's motion for partial summary judgment.

## I. BACKGROUND

Jerry R. Evans ("the plaintiff"), a sixty-three year old male, brought this action against his former employer, Banks Construction Company (the "defendant"), advancing federal claims pursuant to the Americans with Disabilities Act ("ADA") and the Age Discrimination in

---

[1] The defendant's motion for summary judgment appears to move for summary judgment as to all four of the plaintiff's claims: age discrimination, disability discrimination, wrongful termination in violation of public policy, and breach of contract. (ECF No. 24, at 1). Nonetheless, the defendant further explained: "Although not separately stated, Plaintiff appears to state a claim for retaliation in violation of the ADA and ADEA. Defendant is not moving for summary judgment with regard to this claim." (ECF No. 24-1, at 2 n.1). Hence, the magistrate judge correctly construed the defendant's motion as one for partial summary judgment.



Employment Act ("ADEA"), and state law claims for breach of contract and wrongful discharge in violation of public policy. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and an R&R.

The plaintiff alleges that he was employed by the defendant on two occasions, first in 2005 as a truck driver, and then again in the summer of 2009 as a contract truck driver. (Complaint, ¶¶ 9, 20, ECF No. 1). The plaintiff's first employment relationship ended in 2008 as a result of a reduction-in-force. (Complaint, ¶ 16, ECF No. 1). The plaintiff's first termination is not at issue here. (See R&R, ECF No. 32, at 1).

The plaintiff's second employment relationship with the defendant began in June of 2009. (Complaint, ¶ 20, ECF No. 1). The plaintiff was hired pursuant to a written Employment Contract (ECF No. 27-1 at 2) as a contract truck driver and was paid an hourly wage. This did not include benefits or a guarantee of a specific number of hours each week. The Employment Contract provided for an indefinite term of employment, "dependent solely on schedule availability." (Id. at 3). The plaintiff contends that during his original employment period with the defendant, as well as at the time he was rehired in 2009, he informed the defendant that he had a disability due to his vision and requested that the defendant accommodate him by scheduling him to drive only during daytime hours. (ECF No. 32, at 2). The magistrate judge found that the defendant indicated that it had accommodated the plaintiff's request. (Id.).

The plaintiff provided some evidence that, on July, 23, 2009, after he told the defendant that he had been discriminated against because of his disability, and that he was considering contacting the Equal Employment Opportunity Commission, he was informed that there would



be consequences for such actions. (Pl.'s Dep., 201:11 – 202:11, 203:18-20, ECF No. 27-2 at 5-7; Leviner Aff., ¶ 10, ECF No. 27-4, at 2; Leviner Dep., 21:6-12, ECF No. 24-17 at 4). After this date, the plaintiff was not scheduled for any work. (Pl.'s Dep., 203:18-25). The defendant terminated the plaintiff on August 18, 2009. (ECF No. 27-5 (email terminating the plaintiff's employment)). In response, the defendant contends that the plaintiff was terminated from his employment because the defendant decided to end the contract driver program. (ECF No. 32, at 2).

## II. PROCEDURAL HISTORY

On September 20, 2011, the plaintiff filed his complaint against the defendant. (ECF No. 1). On November 16, 2012, the defendant moved for summary judgment pursuant to Rule 56. (ECF No. 24-1). The plaintiff filed a response in opposition thereto and the defendant filed a reply. (ECF Nos. 27; 28). On June 11, 2013, Magistrate Judge Bruce Howe Hendricks ("Magistrate Judge Hendricks") issued an R&R which throughly analyzed the issues and the applicable law. (ECF No. 32). First, Magistrate Judge Hendricks found that the plaintiff's retaliation claim pursuant to the ADA should be allowed to proceed to trial because the defendant did not move for summary judgment on that claim. (ECF No. 32, at 4). Next, the magistrate judge found that the plaintiff's ADEA claims had been abandoned and should be dismissed because the plaintiff failed to mount a defense of that claim in his opposition to the defendant's motion for summary judgment. (Id.). Third, the magistrate judge determined that the plaintiff's claim that the defendant failed to accommodate him under the ADA should be dismissed because the evidence indicated that when the plaintiff requested that the defendant accommodate his night vision problems, the defendant scheduled the plaintiff for daytime hours.



(ECF No. 32, at 4-5). Fourth, the magistrate judge found that the plaintiff had no claim for wrongful discharge in violation of public policy. (ECF No. 32, at 6-8). Lastly, the magistrate judge recommended that the plaintiff's breach of contract claim survive summary judgment, because the plaintiff was not terminated pursuant to the terms of the termination section of the Employment Contract. (ECF No. 32, at 8-9). Accordingly, the magistrate judge recommended that the defendant's motion for partial summary judgment be granted in part and denied in part. (ECF No. 32).

The defendant has objected to the magistrate judge's R&R, the plaintiff has replied to the objections, and the defendant has filed a sur-reply. (ECF Nos. 33; 35; 36).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of fact exists if the evidence presented could lead a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A court considering a motion for summary judgment must view all facts and draw all reasonable inferences from the evidence before it in a light most favorable to the non-moving party. Id. The party moving for summary judgment "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick Cnty. Comm'rs, 945 F.2d 716, 718 (4th Cir.1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the movant carries this burden, then the burden "shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48). "A mere scintilla of evidence supporting the [non-moving party's] case is insufficient" to defeat a motion



for summary judgment. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.1994); see also Anderson, 477 U.S. at 256 (noting that a non-moving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial").

## IV. DISCUSSION

This matter is now before the Court for disposition. The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1) (2006). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews, 423 U.S. at 270-71; Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the R&R, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### A. THE DEFENDANT'S OBJECTIONS

On June 19, 2013, the defendant filed the following objections to the R&R: (1) the Employment Contract between the plaintiff and the defendant did not alter the at-will employment relationship and therefore the termination of the plaintiff's at-will employment did not give rise to an action for breach of contract; and (2) even if the contract were enforceable and was breached, the plaintiff had suffered no damages. Each objection is discussed below.



First, the defendant asserts that the magistrate judge erred by finding that the breach of contract claim should not be dismissed. The defendant argues that the plaintiff and defendant had an at-will employment relationship that was not affected by the Employment Contract, and therefore, the termination of the plaintiff's at-will employment could not give rise to an action for breach of contract. In support of this theory, the defendant refers this Court to a line of South Carolina cases holding that contracts similar to the one between the plaintiff and the defendant do not alter the at-will employment relationship. While the Court agrees with the defendant's argument that a contract for employment for an indefinite term is terminable at the will of either party, the defendant fails to address the magistrate judge's finding that the termination section contained in the Employment Contract at issue modified the at-will status of the plaintiff's employment. (R&R, ECF 32, at 8-9). In Small v. Springs Indus., Inc., the court held that an employee's at-will employment status may be modified through employee handbooks, oral assurances, and other evidence. 292 S.C. 481, 486 (1987). And, in Fleming v. Borden, Inc., the court affirmed that the question of whether an employee handbook containing termination provisions created an employment contract was an issue for a jury to determine. 316 S.C. 452, 460 (1994); see also Leahy v. Starflo Corp., 314 S.C. 546 (1993) (holding that an employee's at-will status was altered where a disciplinary procedure was posted on bulletin boards available to employees).

The defendant concedes that the plaintiff "enter[ed] into an employment contract with Banks." (ECF No. 24-1, at 3, 16). Although the term of the Employment Contract between the plaintiff and the defendant was for an indefinite period of time, it contained a Termination section which reads:



> 4.3 Company may at any time terminate the employment of Employee for malfeasance, misfeasance, or nonfeasance in connection with the performance of Employee's duties, the cause to be specified in the notice of termination. Without limiting the generality of the foregoing, the following acts during the Term shall constitute grounds for termination of employment hereunder: . . .

(ECF No. 24-8 at 3, ¶ 4.3).

The Court agrees with the magistrate judge that this provision modified the at-will status of the plaintiff's employment. (ECF No. 32, at 9). The Court further agrees that this, in turn, created "a kind of for-cause requirement and concomitant notice obligation." Id.

The defendant concedes that the plaintiff was terminated because of its decision to end the contract driver program (ECF No. 24-1, at 5; 10-11), not for any of the grounds required by the termination section of the Employment Contract. Therefore, the magistrate judge was correct in her determination that the breach of contract claim should not be dismissed. Id.

Second, the defendant argues that the plaintiff suffered no damages even if the Employment Contract were enforceable and was breached. The Court disagrees. As set forth in the plaintiff's complaint, the plaintiff has "suffered a loss of income and benefits, has been deprived of contractual rights conferred by the aforesaid contracts, has had his ability to work in the field damaged, and has been otherwise injured and damaged in such amount as a judge and jury may determine." (Complaint, ECF No. 1, at 6). It is clear that a trier of fact could find that the plaintiff did, in fact, suffer damages. Therefore, this objection is also without merit.



## V. CONCLUSION

For the reasons set forth in this Order, the Court accepts and adopts the magistrate judge's R&R (ECF No. 32), and grants in part and denies in part the defendant's motion for partial summary judgment (ECF No. 24). The Court grants the defendant's motion for summary judgment as to (1) the plaintiff's ADEA claims; (2) the plaintiff's claims of failure to accommodate and for discriminatory discharge under the ADA; and (3) the plaintiff's claim for wrongful discharge in violation of public policy. The Court denies the defendant's motion for summary judgment with respect to the plaintiff's breach of contract claim.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

September 26, 2013
Charleston, South Carolina

